# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 6, 2026

Lyle W. Cayce
Clerk

No. 25-10546
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Ruben Eduardo Chong-Aguayo,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CR-67-1

———————————————————

Before Smith, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Ruben Eduardo Chong-Aguayo appeals the 70-month within-guidelines sentence imposed following his conviction for illegal reentry after removal in violation of 8 U.S.C. § 1326.

Chong-Aguayo first argues that the sentence is substantively unreasonable. Our review is for abuse of discretion, *Gall v. United States*, 552

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10546

U.S. 38, 49–50 (2007), and we presume that a sentence within or below the calculated guidelines is reasonable, *United States v. Fatani*, 125 F.4th 755, 761 (5th Cir. 2025). Chong-Aguayo's arguments—including those regarding his assimilation, criminal history, and the timing of his federal indictment—fail to rebut the applicable presumption of reasonableness.[1]

Chong-Aguayo next contends that § 1326 is unconstitutional because it allows a sentence above the otherwise applicable statutory maximum based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. This argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)).

AFFIRMED.

---

[1] Chong-Aguayo does not appear to directly challenge the district court's denial of his request for a downward variance based on the time he spent in state custody. To the extent he seeks to do so, however, this court lacks jurisdiction to review the sentencing court's "refusal to grant a downward departure" because Chong-Aguayo does not argue that the "court mistakenly assume[d] that it lack[ed] authority to depart." *United States v. Cooper*, 274 F.3d 230, 248 (5th Cir. 2001) (internal quotation marks and citation omitted).

2